| | |
|---|---|
| DISTRICT COURT, BOULDER COUNTY, COLORADO<br>1777 SIXTH STREET<br>BOULDER, CO 80302<br>(303) 441-1776 | DATE FILED: February 25, 2021 6:03 PM<br>FILING ID: 979B57EDC5AA1<br>CASE NUMBER: 2021CV30175 |
| **Plaintiff:**    **BRITTANY SIMION**<br><br>v.<br><br>**Defendants:   GEICO CASUALTY COMPANY and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | ▲COURT USE ONLY▲ |
| *Attorneys for Plaintiff:*<br>Peter M. Anderson, #33067<br>Carlo Bonavita, #44324<br>THE LAW OFFICES OF PETER M. ANDERSON<br>1225 Ken Pratt Blvd, Suite 214<br>Longmont, CO 80501<br>Telephone: (303) 444-1505<br>Fax: Declined pursuant to C.R.C.P. 5(b) | Case No.:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW Plaintiff, Brittany Simion, by and through counsel, for her Complaint and Jury Demand against Defendants Geico Casualty Company and State Farm Mutual Automobile Insurance Company, alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.    Plaintiff Brittany Simion (hereinafter referred to as "Plaintiff Brittany Simion," "Policyholder," or "Ms. Simion") is a resident of the State of Colorado.

2.    Defendant Geico Casualty Company, ("Geico") is a foreign corporation in the State of Colorado formed under the laws of the State of Maryland and is authorized to do business in the State of Colorado with a registered agent of Colorado Division of Insurance, 1560 Broadway, Suite 850, Denver, Colorado 80202.

3.    Defendant State Farm Mutual Automobile Insurance Company ("State Farm") is a foreign corporation in the State of Colorado formed under the laws of the State of Illinois with an address

for its principal place of business in Colorado of 1555 Promontory Circle, Greeley, CO 80638-0001, and is authorized to do business in the State of Colorado with a registered agent of the Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, CO 80120.

4. Defendant Geico is an insurance company, and provides insurance coverage to its customers, including automobile insurance coverage under the laws of the State of Colorado.

In matters involving insurance, particularly claims, there are what is called *Industry Standards*, which are minimum levels of conduct, as opposed to customs or practices of one or more insurers.

- Among the laws Geico must follow is CRS 10-1-101, which requires good faith in all activities relevant to this case.
- Another set of laws is the Unfair Claims' Settlement Practices Act (UCPSA) codified at CRS 10-3-1104(1) which prohibits all insurers, such as Geico from certain activities, relevant to this case. The UCPSA was originally enacted by the National Association of Insurance Commissioners (NAIC) and represents what everyone agrees are *Industry Standards* that apply to all insurers at all times.
- Another *Industry Standard* that applies to insurers, such as Geico, is the Colorado Division of Insurance Regulations, specifically Regulation 1-1-7, which requires that claim handling and other activities be documented such that pertinent events can be reconstructed and verified by reviewing claim records.
- Another *Industry Standard* that applies to insurers, such as Geico, is Colorado's *Prompt Payment of Benefits* statutes, CRS 10-3-1115 and 1116. These statutes prohibit insurers, such as Geico, from delaying or denying claims or benefits without a reasonable basis.
- Another *Industry Standard* that applies to insurers, such as Geico, is that they are charged with the knowledge of what is in their files.
- Another *Industry Standard* that applies to insurers, such as Geico, is that knowledge of a claim for benefits under one part of an insurance policy is knowledge of all claims under all coverages that might apply.

5. Defendant State Farm is an insurance company, and provides insurance coverage to its customers, including automobile insurance coverage under the laws of the State of Colorado.

In matters involving insurance, particularly claims, there are what is called *Industry Standards*, which are minimum levels of conduct, as opposed to customs or practices of one or more insurers.

- Among the laws State Farm must follow is CRS 10-1-101, which requires good faith in all activities relevant to this case.
- Another set of laws is the Unfair Claims' Settlement Practices Act (UCPSA) codified at CRS 10-3-1104(1) which prohibits all insurers, such as State Farm from certain activities, relevant to this case. The UCPSA was originally enacted by the National Association of Insurance Commissioners (NAIC) and represents what everyone agrees are *Industry Standards* that apply to all insurers at all times.

- Another *Industry Standard* that applies to insurers, such as State Farm, is the Colorado Division of Insurance Regulations, specifically Regulation 1-1-7, which requires that claim handling and other activities be documented such that pertinent events can be reconstructed and verified by reviewing claim records.
- Another *Industry Standard* that applies to insurers, such as State Farm, is Colorado's *Prompt Payment of Benefits* statutes, CRS 10-3-1115 and 1116. These statutes prohibit insurers, such as State Farm, from delaying or denying claims or benefits without a reasonable basis.
- Another *Industry Standard* that applies to insurers, such as State Farm, is that they are charged with the knowledge of what is in their files.
- Another *Industry Standard* that applies to insurers, such as State Farm, is that knowledge of a claim for benefits under one part of an insurance policy is knowledge of all claims under all coverages that might apply.

6. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1).

7. This Court has personal and subject matter jurisdiction over the parties and the subject matter of this action.

## GENERAL ALLEGATIONS

8. Plaintiff Brittany Simion paid premiums to Defendant Geico for insurance contracts that contained Uninsured and Underinsured Motorist ("UM/UIM") benefits.

9. Christine Walters paid premiums to Defendant State Farm for insurance contracts that contained Uninsured and Underinsured Motorist ("UM/UIM") benefits.

10. Defendant Geico insured Plaintiff under complying Colorado policies of automobile insurance with UM/UIM Bodily Injury Coverage, including Policy No. 4409-35-66-25, (hereinafter referred to as the "contracts" or "policies"), which provided Plaintiff monetary protection in the amount of $250,000 per person, together the combined limits of $500,000 per accident for injuries, damages, and losses in the event that he was injured by an uninsured or underinsured motorist.

11. Defendant State Farm insured Christine Walters and thus her passenger, Plaintiff Brittany Simion, under complying Colorado policies of automobile insurance with UM/UIM Bodily Injury Coverage, including Policy No. 413327706, (hereinafter referred to as the "contracts" or "policies"), which provided Plaintiff monetary protection in the amount of $100,000 per person, together the

3

combined limits of $300,000 per accident for injuries, damages, and losses in the event that she was injured by an uninsured or underinsured motorist.

12. At approximately 7:00 a.m. on or about June 12, 2017, Christine Walters was traveling Northbound on Colorado 93 at milepost 6 in Jefferson County, Colorado.

13. At the same time and place, Plaintiff Brittany Simion was a passenger of a 2005 Chevrolet Cobalt driven by Christine Walters.

14. At the same time and place, Ms. Walters was driving carelessly and crashed into the side of another vehicle violating a lane change, which caused Ms. Walter's to lose control of her vehicle and the vehicle ran off the road, causing this collision (hereinafter referred to as the "accident," "crash," or "collision").

15. Plaintiff Brittany Simion was a Policyholder of Defendant Geico on June 12, 2017.

16. Christine Walters was an insured driver and Policyholder of Defendant State Farm on June 12, 2017.

17. As a direct and proximate cause of Ms. Walter's negligence, the driver of the underinsured motor vehicle, Plaintiff sustained significant injuries, damages, and losses.

18. Plaintiff filed a claim against Ms. Walter's insurer, State Farm Insurance, which offered the policy limit of $100,000 in bodily injury liability insurance policy benefits to the party.

19. Before Plaintiff settled with State Farm for $100,000, Defendant Geico approved the settlement and granted its Policyholder, Plaintiff Brittany Simion, consent through written waiver of subrogation on April 24, 2018.

20. Before Plaintiff settled with State Farm for $100,000, Defendant State Farm approved the settlement and granted Plaintiff consent.

4

21. Plaintiff's portion of the bodily injury settlement with the at-fault driver, Christine Walters, did not make Plaintiff whole and was less than the total amount of Plaintiff's past medical bills, past wage loss, future medical bills, and future medical treatment costs.

22. The at-fault driver, Christine Walters, was underinsured due to the severity of the collision and the injuries Plaintiff sustained in the collision.

23. At all relevant times, Plaintiff was a first-party claimant as defined by C.R.S. § 10-3-1115(1)(b)(I) with regards to Defendant Geico.

24. At all relevant times, Plaintiff was insured under the complying policies of insurance with Defendant Geico with underinsured motorist coverage totaling $250,000 per person for each policy for a combined underinsured motorist coverage of $500,000 per person.

25. The Geico policy requires Defendant Geico to pay compensatory damages that an insured is legally entitled to recover from a driver of an underinsured motor vehicle who causes harm to a Policyholder.

26. In a letter dated April 17, 2018, Plaintiff asked Defendant Geico to evaluate her underinsured motorist ("UIM") claim arising out of the subject collision.

27. On April 15, 2018, Plaintiff made a supplemental UIM claim with Defendant Geico by submitting medical records and other relevant materials and requesting Defendant Geico to evaluate her UIM claim and to respond in writing.

28. On April 17, 2018, Plaintiff provided Defendant Geico with full unrestricted medical release authorizations so that Defendant Geico could obtain all related medical records and bills, as well as contact any of Plaintiff's medical care providers.

29. Plaintiff Brittany Simion's necessary, reasonable, and related medical expenses for her injuries from the June 12, 2017, collision that exceeds $60,000.00 does not include future medical costs,

5

past or future wage loss and loss of future earning capacity, non-economic damages, or any damages for her permanent physical impairments.

30. On October 22, 2020, Plaintiff sent a letter to Defendant Geico requesting that Defendant Geico provide a breakdown of its evaluation of Plaintiff's UIM claim and a breakdown by categories of damages as recognized by Colorado law of Defendant Geico's position of no exposure to Plaintiff.

31. Plaintiff has never received a breakdown from Defendant Geico of an evaluation amount.

32. On August 13, 2020, Defendant Geico received information that Plaintiff requested a personal meeting between herself and Defendant Geico to assist Defendant Geico in its evaluation.

33. To date, no Geico claims personnel has met Plaintiff Brittany Simion.

34. In late August 2020, Plaintiff underwent a herniated disc repair stem cell and ozone procedure.

35. On October 22, 2020, Plaintiff asked for an updated evaluation of her claim after the new information was provided.

36. Defendant Geico has never provided Plaintiff with an explanation of why it has refused to include an evaluation for Plaintiff's reasonable and necessary past medical bills, future medical bills, past wage loss, future wage loss, non-economic damages, and permanent physical impairments.

37. On November 11, 2020, Plaintiff sent updated records from Plaintiff's local treating doctor explaining her future care needs to Defendant Geico.

38. At several points throughout the claims process, Plaintiff asked Defendant Geico for updates on her UIM claim.

39. Defendant Geico delayed in responding or failed to respond to Plaintiff's requests for updates on her UIM claim.

40. Defendant Geico failed to respond to several of Plaintiff's letters throughout the course of Plaintiff's UIM claim.

41. Plaintiff asked Defendant Geico to help her by paying the policy limits under the insurance policies Defendant Geico issued to Plaintiff.

42. Defendant Geico continued its unreasonable delay in failing to timely evaluate Plaintiff's claim for underinsured motorist benefits.

43. Defendants Geico and State Farm have failed to promptly evaluate and adjust Plaintiff's claim for underinsured motorist benefits.

44. Plaintiff has fully cooperated with Defendants during the adjusting of her UIM claim.

45. Defendants unreasonably delayed in authorizing payment for any of Plaintiff's harms, losses, and injuries sustained by Plaintiff, including economic, non-economic, and physical impairment damages.

46. Defendants unreasonably delayed in authorizing payment for any of the harms sustained by Plaintiff, including outstanding medical costs, future medical costs, and wage losses that were caused by the June 12, 2017, collision.

47. The amounts Plaintiff is entitled to collect for injuries, harms, losses, and damages caused by the June 12, 2017, collision is greater than the monies Plaintiff recovered from the at-fault driver's insurance company.

48. Defendants had a duty to evaluate Plaintiff's UIM claim consistently with Colorado Jury Instruction 6:1 titled Personal Injuries--Adults.

49. Defendants have never evaluated Plaintiff's damages for her Physical Impairments.

50. Defendants failed to promptly evaluate Plaintiff's contract claim.

51. Defendants unreasonably withheld Plaintiff's UIM insurance benefits.

52. Defendants' evaluation claims process and claims practices resulted in Plaintiff's claim being unreasonably delayed.

53. Plaintiff has fully complied with all contractual obligations under the insurance policies issued by Defendants.

54. Plaintiff has complied with all the terms of the insurance policies issued by Defendants.

55. Plaintiff has cooperated fully in the claim's investigations process regarding her claim.

56. Plaintiff has complied with all policy requirements under the insurance policy issued by Defendants in the claims investigations process.

57. Defendants breached its duties owed to Plaintiff, and Defendants breached its implied duty of good faith and fair dealing by, *inter alia,* failing to timely and properly evaluate Plaintiff's UIM claim.

58. Defendants breached its duties owed to Plaintiff by, *inter alia,* failing to explain in writing the basis of its evaluation, adjusting, and decision that the claim was not worth the full available policy benefits.

59. Defendants unreasonably delayed in authorizing and tendering any policy benefit payment to Plaintiff for any of the harms sustained by Plaintiff, including economic, non-economic, and physical impairment damages.

60. Defendants unreasonably delayed in authorizing and tendering any policy benefit payment to Plaintiff for any of the harms sustained by Plaintiff, including outstanding medical costs and future medical costs that were necessary and related to the June 12, 2017, collision.

61. Defendants breached its duty to Plaintiff by delaying and denying payment of Plaintiff's UIM claim without a reasonable basis for its actions.

62. Defendants breach its duties owed to Plaintiff and unreasonably delayed and denied Plaintiff's UIM contract claim.

63. Defendants chose to ignore the future medical treatment recommendations made by Plaintiff's medical providers.

64. Defendants' evaluation was not reasonable as it chose not to speak to or communicate with any of Plaintiff's doctors or healthcare providers.

65. The actions of Defendants constitute unreasonable claims practices.

66. The actions of Defendants demonstrate a flawed and faulty claims process.

67. Defendants unreasonably delayed and denied payment of benefits owed to its Policyholder and insured, the Plaintiff, under Defendants' insurance contracts.

68. Defendants breached the insurance contracts by failing to diligently search for evidence that supported Plaintiff's UIM claim.

69. Defendants breached the insurance contracts and its duty of good faith and fair dealing to Plaintiff by failing to create, adopt, and implement reasonable standards for the prompt, thorough, and objective investigation of the UIM claim arising under its insurance contract.

70. Defendants breached the insurance contracts and its duty to Plaintiff of good faith and fair dealing by not attempting in good faith to effectuate prompt payment and settlement of a claim in which liability is clear.

71. Defendants breached the insurance contracts and its duty to Plaintiff of good faith and fair dealing by its flawed and faulty evaluation claims process and by compelling Plaintiff into the costly and lengthy process of litigation to recover amounts due and owing to Plaintiff under the insurance contracts and policies.

72. Defendants' unreasonable delay and/or denial of payment of owed benefits to Plaintiff is in violation of C.R.S. §§ 10-3-1115 and 10-3-1116.

73. Defendants failed to perform pursuant to the terms and provisions contained in the contracts and have therefore materially breached the contracts with Plaintiff without legal justification or excuse.

74. Defendants did not provide Plaintiff with a written update on the status of her UIM claim every 30 days, including a description of what was needed to finalize Plaintiff's UIM claim.

75. Defendants breached its duties owed to Plaintiff including, without limitation, its duties of loyalty, good faith, due care and candor, and by engaging in the acts and omissions set forth in this Complaint and Jury Demand.

76. The acts and omissions of Defendants and its agents as described herein and as will be further developed in discovery are in direct violation of the Unfair Claims Settlement Practices Act as set forth in C.R.S. § 10-3-1104(h) and other insurance laws and regulations.

77. Defendants' unfair claims handling practices as alleged herein occurred during the course of Geico's business, vocation, or occupation.

78. Defendants acted unreasonably by not providing answers to Plaintiff's questions.

79. Defendants acted unreasonably by not providing any monies due to Plaintiff as UIM contract benefits.

80. Defendants acted unreasonably by delaying paying Plaintiff what is reasonably owed under their contracts.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract against Defendant Geico)

81. Plaintiff incorporates all other paragraphs as though fully set forth herein.

82. Plaintiff was covered as an insured under the insurance policies and contracts with Defendant Geico referenced above.

83. Plaintiff is entitled to UIM benefits from Defendant Geico as a result of the collision with an underinsured motorist.

84. Plaintiff has complied will all conditions precedent to coverage under the insurance policies with Defendant Geico.

85. Plaintiff submitted a claim to Defendant Geico for full payment of UIM benefits.

86. Defendant Geico refused to pay the full amount of UIM benefits owed to Plaintiff under her UIM claim.

87. Defendant Geico's refusal to promptly pay Plaintiff the full amount of UIM benefits is a material breach of Defendant Geico's insurance contract.

88. At all times relevant to this action, Defendant Geico owed to Plaintiff the duty of good faith and fair dealing in the insurance contract.

89. Defendant Geico has breached its contract with Plaintiff by delaying and denying benefits due to Plaintiff under the policy.

90. Defendant Geico's breach caused Plaintiff to suffer harms and losses, including non-payment/loss of UIM benefits owed to them, and Plaintiff is entitled to a determination of such UIM benefits with respect to the subject collision.

91. As a direct and proximate result of Defendant Geico's breach of contract, Plaintiff has been damaged in an amount to be proved at the time of trial, including but not limited to all damages which were the foreseeable result of a breach of contract.

## SECOND CLAIM FOR RELIEF
**(Breach of Contract against Defendant State Farm)**

92. Plaintiff incorporates all other paragraphs as though fully set forth herein.

93. Plaintiff was covered as an insured under the insurance policies and contracts with Defendant State Farm referenced above.

94. Plaintiff is entitled to UIM benefits from Defendant State Farm as a result of the collision where the driver was an underinsured motorist.

95. Plaintiff has complied will all conditions precedent to coverage under the insurance policies with Defendant State farm.

96. Plaintiff submitted a claim to Defendant State Farm for full payment of UIM benefits.

97. Defendant State Farm refused to pay the full amount of UIM benefits owed to Plaintiff under her UIM claim.

98. Defendant State Farm's refusal to promptly pay Plaintiff the full amount of UIM benefits is a material breach of Defendant State Farm's insurance contract.

99. At all times relevant to this action, Defendant State Farm owed to Plaintiff the duty of good faith and fair dealing in the insurance contract.

100. Defendant State Farm has breached its contract with Plaintiff by delaying and denying benefits due to Plaintiff under the policy.

101. Defendant State Farm's breach caused Plaintiff to suffer harms and losses, including non-payment/loss of UIM benefits owed to them, and Plaintiff is entitled to a determination of such UIM benefits with respect to the subject collision.

102. As a direct and proximate result of State Farm's breach of contract, Plaintiff has been damaged in an amount to be proved at the time of trial, including but not limited to all damages which were the foreseeable result of a breach of contract.

### THIRD CLAIM FOR RELIEF
**(Common Law Bad Faith against Defendant Geico)**

103. Plaintiff incorporates all other paragraphs as though fully set forth herein.

104. At all times relevant, Defendant Geico owed Plaintiff duties of good faith and fair dealing including but not limited to those set forth in C.R.S. § 10-3-1113.

105. Defendant Geico breached its duties to Plaintiff by unreasonably denying and/or otherwise unreasonably delaying full payment of UIM benefits owned under Plaintiff's UIM claim.

106. Defendant Geico had knowledge that its above-referenced conduct or position was unreasonable and/or Defendant Geico acted in reckless disregard of whether its conduct or position was unreasonable.

107. Defendant Geico intentionally, knowingly, willfully, unreasonably, and/or with reckless disregard violated or otherwise refused to comply with an insurance industry standard to act reasonably upon communications with respect to a claim arising under the policies, including Plaintiff's requests for payment of benefits under Plaintiff's UIM claim.

108. Defendant Geico intentionally, knowingly, willfully, unreasonably, and/or with reckless disregard violated or otherwise refused to comply with an insurance industry standard by not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's UIM claim when liability relative to that claim was reasonably clear.

109. Defendant Geico intentionally, knowingly, willfully, unreasonably, and/or with reckless disregard violated or otherwise refused to comply with an insurance industry standard when it compelled Plaintiff to institute litigation to recover amounts due under the policies, and in particular UIM benefits owed and unpaid under the policies.

110. Defendant Geico intentionally, knowingly, willfully, unreasonably, and/or with reckless disregard violated or otherwise refused to comply with an insurance industry standard by refusing to pay all benefits owed under Plaintiff's UIM claim without a reasonable investigation based upon all available information.

111. Defendant Geico intentionally, knowingly, willfully, unreasonably, and/or with reckless disregard violated or otherwise failed to comply with an insurance industry standard when it refused to promptly provide Plaintiff with a reasonable explanation of the basis in the policies, the facts, or applicable law for its denial of Plaintiff's UIM claim.

112. As a direct and proximate cause and result of Defendant Geico's above-knowing or with reckless disregard unreasonable conduct and/or its above violations, Plaintiff has suffered economic damages and losses, including but not limited to unpaid UIM benefits and non-economic damages and losses, including but not limited to emotional stress and inconvenience.

**FOURTH CLAIM FOR RELIEF**
**(Common Law Bad Faith against Defendant State Farm)**

113. Plaintiff incorporates all other paragraphs as though fully set forth herein.

114. At all times relevant, Defendant State Farm owed Plaintiff duties of good faith and fair dealing including but not limited to those set forth in C.R.S. § 10-3-1113.

115. Defendant State Farm breached its duties to Plaintiff by unreasonably denying and/or otherwise unreasonably delaying full payment of UIM benefits owned under Plaintiff's UIM claim.

116. Defendant State Farm had knowledge that its above-referenced conduct or position was unreasonable and/or Defendant State Farm acted in reckless disregard of whether its conduct or position was unreasonable.

117. Defendant State Farm intentionally, knowingly, willfully, unreasonably, and/or with reckless disregard violated or otherwise refused to comply with an insurance industry standard to act reasonably upon communications with respect to a claim arising under the policies, including Plaintiff's requests for payment of benefits under Plaintiff's UIM claim.

118. Defendant State Farm intentionally, knowingly, willfully, unreasonably, and/or with reckless disregard violated or otherwise refused to comply with an insurance industry standard by not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's UIM claim when liability relative to that claim was reasonably clear.

119. Defendant State Farm intentionally, knowingly, willfully, unreasonably, and/or with reckless disregard violated or otherwise refused to comply with an insurance industry standard when it compelled Plaintiff to institute litigation to recover amounts due under the policies, and in particular UIM benefits owed and unpaid under the policies.

120. Defendant State Farm intentionally, knowingly, willfully, unreasonably, and/or with reckless disregard violated or otherwise refused to comply with an insurance industry standard by

refusing to pay all benefits owed under Plaintiff's UIM claim without a reasonable investigation based upon all available information.

121.　Defendant State Farm intentionally, knowingly, willfully, unreasonably, and/or with reckless disregard violated or otherwise failed to comply with an insurance industry standard when it refused to promptly provide Plaintiff with a reasonable explanation of the basis in the policies, the facts, or applicable law for its denial of Plaintiff's UIM claim.

122.　As a direct and proximate cause and result of Defendant State Farm's above-knowing or with reckless disregard unreasonable conduct and/or its above violations, Plaintiff has suffered economic damages and losses, including but not limited to unpaid UIM benefits and non-economic damages and losses, including but not limited to emotional stress and inconvenience.

### FIFTH CLAIM FOR RELIEF
**(Unreasonable Delay/ Denial Under C.R.S. §§ 10-3-1115 and 10-3-1116 against Geico)**

123.　Plaintiff incorporates all other paragraphs as though fully set forth herein.

124.　Defendant Geico owes the insured the duty of good faith and fair dealing under C.R.S. § 10-3-1113(1).

125.　The duty of good faith and fair dealing is breached if the insurer delays or denies payment without a reasonable basis for its delay or denial. C.R.S. § 10-3-1113(1).

126.　Defendant Geico breached its duties to Plaintiff and unreasonably delayed or denied payment of UIM benefits, including without limitation, by failing to acknowledge and act reasonably promptly upon communications with respect to the claim arising under the insurance policies.

127.　Defendant Geico breached its duties to Plaintiff and unreasonably delayed or denied payment of UIM benefits, including without limitation, by refusing to conduct a prompt investigation and evaluation of Plaintiff's claim.

128. Defendant Geico breached its duties to Plaintiff and unreasonably delayed or denied payment of UIM benefits, including without limitation, by refusing to give equal consideration to the interests of its insureds as to its own interests.

129. Defendant Geico breached its duties to Plaintiff and unreasonably delayed or denied payment of UIM benefits, including without limitation, by refusing to pay a claim without conducting a reasonable investigation based upon all available information.

130. Defendant Geico breached its duties to Plaintiff and unreasonably delayed or denied payment of UIM benefits, including without limitation, by not attempting in good faith to effectuate prompt, fair, and equitable settlements of a claim in which liability has become reasonably clear; and

131. Defendant Geico breached its duties to Plaintiff and unreasonably delayed or denied payment of UIM benefits, including without limitation, by compelling Plaintiff to institute litigation to recover amounts due under insurance policies by offering substantially less than the amounts ultimately recovered in actions brought by the insureds.

132. Pursuant to C.R.S. § 10-3-1115(1)(a), "[a] person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant."

133. Plaintiff is a first-party claimant with respect to the UIM benefits she has requested from Defendant Geico.

134. Defendant Geico has the responsibility to promptly investigate, evaluate, and attempt to settle Plaintiff's claim for UIM benefits.

135. Plaintiff has provided Defendant Geico with copies of all of her medical records and bills for treatment of the injuries sustained in the June 12, 2017, collision.

136. Geico has acted unreasonably by delaying and refusing to pay Plaintiff what is reasonably owed to Plaintiff under their insurance contract with Geico.

137. Defendant Geico has unreasonably delayed or denied payments of UIM benefits to Plaintiff under C.R.S. § 10-3-1115 and C.R.S. § 10-3-1116.

## SIXTH CLAIM FOR RELIEF
### (Unreasonable Delay/ Denial Under C.R.S. §§ 10-3-1115 and 10-3-1116 against State Farm)

138. Plaintiff incorporates all other paragraphs as though fully set forth herein.

139. Defendant State Farm owes the insured the duty of good faith and fair dealing under C.R.S. § 10-3-1113(1).

140. The duty of good faith and fair dealing is breached if the insurer delays or denies payment without a reasonable basis for its delay or denial. C.R.S. § 10-3-1113(1).

141. Defendant State Farm breached its duties to Plaintiff and unreasonably delayed or denied payment of UIM benefits, including without limitation, by failing to acknowledge and act reasonably promptly upon communications with respect to the claim arising under the insurance policies.

142. Defendant State Farm breached its duties to Plaintiff and unreasonably delayed or denied payment of UIM benefits, including without limitation, by refusing to conduct a prompt investigation and evaluation of Plaintiff's claim.

143. Defendant State Farm breached its duties to Plaintiff and unreasonably delayed or denied payment of UIM benefits, including without limitation, by refusing to give equal consideration to the interests of its insureds as to its own interests.

144. Defendant State Farm breached its duties to Plaintiff and unreasonably delayed or denied payment of UIM benefits, including without limitation, by refusing to pay a claim without conducting a reasonable investigation based upon all available information.

145. Defendant State Farm breached its duties to Plaintiff and unreasonably delayed or denied payment of UIM benefits, including without limitation, by not attempting in good faith to effectuate prompt, fair, and equitable settlements of a claim in which liability has become reasonably clear; and

146. Defendant State Farm breached its duties to Plaintiff and unreasonably delayed or denied payment of UIM benefits, including without limitation, by compelling Plaintiff to institute litigation to recover amounts due under insurance policies by offering substantially less than the amounts ultimately recovered in actions brought by the insureds.

147. Pursuant to C.R.S. § 10-3-1115(1)(a), "[a] person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant."

148. Defendant State Farm has the responsibility to promptly investigate, evaluate, and attempt to settle Plaintiff's claim for UIM benefits.

149. Plaintiff has provided Defendant State Farm with copies of all of her medical records and bills for treatment of the injuries sustained in the June 12, 2017, collision.

150. State Farm has acted unreasonably by delaying and refusing to pay Plaintiff what is reasonably owed to Plaintiff under the insurance contract with State Farm.

151. Defendant State Farm has unreasonably delayed or denied payments of UIM benefits to Plaintiff under C.R.S. § 10-3-1115 and C.R.S. § 10-3-1116.

## **PLAINTIFF DEMANDS A TRIAL BY JURY**

**WHEREFORE**, Plaintiff Brittany Simion requests that judgment be entered against Defendants Geico Casualty Company and State farm Mutual Automobile Insurance Company under, *inter alia,* C.R.S. §§ 10-3-1115 & 10-3-1116, and for damages they are legally entitled to collect from the at-fault driver, including but not limited to: contract benefits, reasonable compensatory damages; costs of this action, including expert witness fees; pre- and post-judgment interest as provided by law; reasonable attorney's fees; two times the covered benefits unreasonably delayed or denied that were to be provided under the contracts between Plaintiff and Defendants; and such other and further relief as the Court may deem just and proper.

Dated this 25th day of February 2021.

                                              THE LAW OFFICES OF PETER M. ANDERSON

                                              By: s/ *Peter M. Anderson*
                                                   Peter M. Anderson, #33067
                                                   Carlo Bonavita, #44324
                                                   1225 Ken Pratt Blvd., Suite 214
                                                   Longmont, CO 80501

                                                   *Attorneys for Plaintiff*

Plaintiff's Address:
1905 15th Street, #2192
Boulder, CO 80306